```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED SHORE FINANCIAL SERVICES
d/b/a UNITED WHOLESALE MORTGAGE,

                        Plaintiff,
                                                                    ORDER
        -against-                                            20 CV 5062 (PKC) (CLP)

KENNETH R. KALSTEIN, et al.,

                        Defendants.
-----------------------------------------------------------X
```

**POLLAK**, United States Magistrate Judge:

On October 21, 2020, plaintiff United Shore Financial Services ("plaintiff") commenced this action against defendants Kenneth R. Kalstein ("Kalstein"), Bliss Home Funding Corporation ("Bliss"), Mariah Grossman ("Grossman"), and Brent J. Kaufman ("Kaufman"), alleging that defendant Kalstein, an attorney retained by plaintiff to ensure that plaintiff's mortgage was the first lien on the subject property, breached his professional responsibilities, which in turn enabled co-defendant Kaufman to embezzle funds that had been intended to satisfy an existing mortgage on the subject property. (Compl.[1]) Plaintiff also alleges that co-defendants Bliss and Grossman breached their contractual and fiduciary duties to ensure proper conduct by Kalstein and Kaufman. (Id.)

On April 15, 2021, defendant Kalstein passed away,[2] and an Estate proceeding was commenced in Nassau County Surrogate's Court. (Pl.'s Mot.[3] at 1). It was not until September 20, 2023 that the Surrogate's Court issued a Decree Granting Limited Letters of Administration

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed October 21, 2020 (ECF No. 1).
[2] On October 30, 2023, plaintiff notified the Court that defendant Kaufman had also passed away. (See ECF No. 35).
[3] Citations to "Pl.'s Mot." refer to plaintiff's letter motion to substitute a party defendant, filed August 26, 2024 (ECF No. 49).

1

("Decree"), which appointed the Nassau County Public Administrator as the Administrator for the Estate of Kenneth Roy Kalstein. (Id., Ex. A). On June 13, 2024, Kalstein's former counsel, Winget, Spadafora & Schwartzberg, LLP ("Winget Spadafora" or "the Firm"[4]), filed a Suggestion of Death[5] on the record. (Id., Ex. B).

Currently pending before this Court is plaintiff's letter motion to substitute the "Estate of Kenneth R. Kalstein" as the proper party in this case. (Id.) For the reasons set forth below, the Court denies plaintiff's original motion to substitute the "Estate of Kenneth R. Kalstein," but grants plaintiff's amended request to substitute the "Nassau County Public Administrator, as the Administrator for the Estate of Kenneth R. Kalstein," subject to the supplementation described herein.

## DISCUSSION

A. Legal Standard

Rule 25(a) of the Federal Rules of Civil Procedure provides for the substitution of parties in the event of a party's death.

> *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). In considering a motion to substitute a party, the Court must determine (1) whether the motion is timely, (2) whether the claims survive the party's death, and (3)

---

[4] As discussed *infra*, Winget Spadafora no longer represents the decedent, and the Firm has not been retained by the Public Administrator at this time.

[5] The Suggestion of Death filed by Winget Spadafora is titled "Suggestion of Death of Defendant Richard Kalstein" and states that "[p]ursuant to Fed. R. Civ. P. 25, the undersigned counsel for the defendant Richard Kalstein hereby advises the Court and all parties of the death of Richard Kalstein on April 15, 2021." (ECF No. 46). Given that the case caption and counsel's signature both indicate that the decedent's name is "Kenneth R. Kalstein" (id.), the Court assumes that "Richard Kalstein" is a typographical error.

2

whether the moving party has proposed to substitute a proper party.  See, e.g., Allen ex rel. Allen v. Devine, No. 09 CV 668, No. 10 CV 1319, 2011 WL 5117619, at *2 (E.D.N.Y. Oct. 25, 2011); Roe v. City of New York, No. 00 CV 9062, 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003).

In this case, plaintiff timely filed the motion for substitution on August 26, 2024, within 90 days of the filing of a Suggestion of Death by Winget Spadafora on June 13, 2024.  See Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469 (2d Cir. 1998) (finding that "the text of Rule 25(a)(1) contains no such restriction on who may file the [Suggestion of Death]").  Furthermore, there has been no showing that under New York law, plaintiff's claims against Kalstein have been extinguished as a matter of law.  See Barrett v. United States, 689 F.2d 324, 331 (2d Cir. 1982) (holding that a claim survives "if applicable state law creates a right of survival").  New York law provides that "no cause of action for injury to person or property is lost because of the death of the person liable for the injury." N.Y. Est. Powers & Trusts Law § 11-3.2.  Thus, the Court finds that plaintiff's claims survive Kalstein's death.

B.  Winget Spadafora's Opposition

In opposing the plaintiff's motion for substitution, Winget Spadafora concedes that the motion is timely filed and there is no issue as to the survival of plaintiff's claims.  (Def.'s Opp.[6] at 1).  However, the Firm argues that plaintiff has failed to identify the "proper party" for substitution.  (Id.)  Citing English v. Murphy-Lattanzi, Winget Spadafora contends that a proper party under Rule 25(a)(1) must be "(1) a successor of the deceased party – a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party – a person lawfully designated by state

---

[6] Citations to "Def.'s Opp." refer to defendant Kalstein's opposition to plaintiff's motion for substitution, filed by Winget Spadafora on August 26, 2024 (ECF No. 50).

3

authority to represent the deceased's estate." (Id. (internal quotation marks omitted) (citing No. 12 CV 4179, 2015 WL 630248, at *3 (E.D.N.Y. Feb. 12, 2015) (quoting Roe v. City of New York, 2003 WL 22715832, at *2))).

Winget Spadafora argues that an estate is neither a successor nor a representative of a party, and thus, the Estate of Kenneth R. Kalstein is not a proper party under Rule 25. (Id. at 2 (citing Natale v. Country Ford Ltd., 287 F.R.D. 135, 137 (E.D.N.Y. 2012))). Moreover, to the extent that plaintiff cites the Surrogate's Court Decree as support for its motion for substitution, the Firm contends that the Decree "merely authorize[s] the [Nassau County] Public Administrator to accept service of process." (Id.; see also Pl.'s Mot., Ex. A). The Firm asserts that the limiting language does not even authorize the Public Administrator to appear in this action. (Def.'s Opp. at 2).

C. Analysis

The Court first notes that Winget Spadafora does not appear to have standing to object to plaintiff's motion for substitution. Although the Firm was counsel of record in this action prior to Kalstein's death, the death of a client terminates the attorney-client relationship and the attorney's authority to act ends, unless there is authorization from the representative of the Kalstein Estate. See, e.g., O'Rourke v. Drunken Chicken in NY Corp., No. 19 CV 3942, 2021 WL 1394176, at *2 (E.D.N.Y. Feb. 26, 2021) (finding that because "lawyers are not considered parties to the action and their authority to represent a party ends at the party's death . . . a deceased's attorney is not authorized to file a motion for substitution under Rule 25 unless that attorney has been hired by the administrator of the deceased's estate"), report and recommendation adopted, 2021 WL 973086 (E.D.N.Y. Mar. 16, 2021). In this case, because no family member or other representative has come forward to administer the Kalstein Estate, the

4

case has been on hold while the proceeding to secure appointment of the Nassau County Public Administrator was pending. Until a representative authorized to administer the Kalstein Estate[7] appoints Winget Spadafora as counsel, the Firm lacks standing to raise any objections to plaintiff's motion.

Despite the Firm's apparent lack of standing to object to plaintiff's motion, plaintiff submitted a reply letter dated August 26, 2024, addressing the Firm's contention that the "Estate of Kenneth R. Kalstein" is not a proper party for Rule 25 substitution. In its reply letter, plaintiff amends its request, indicating that since the Public Administrator has been appointed as the representative of the Kalstein Estate, plaintiff does not object to the substitution of the "Nassau County Public Administrator, as the Administrator of the Estate of Kenneth R. Kalstein" – in lieu of the "Estate of Kenneth R. Kalstein" – as a proper party under Rule 25. (Pl.'s Reply[8] at 1-2).

The question is whether the Limited Letters of Administration issued to the Public Administrator by the Nassau County Surrogate's Court extend authority to the Public Administrator to represent the Kalstein Estate in this action. Under New York law, "to qualify as the representative of the decedent's estate . . . the individual seeking substitution must have received letters to administer the estate of the decedent." Bank of America, N.A. v. Puig, No. 17 CV 3361, 2020 WL 13540961, at *3 (E.D.N.Y. Sept. 21, 2020). The Court notes that it has been a lengthy process to petition for the appointment of the Nassau County Public Administrator as Administrator of the Kalstein Estate. (See, e.g., ECF Nos. 22-35 (periodic status reports submitted by plaintiff between August 2021 and October 2023, regarding the progress of the

---

[7] Even if it is ultimately determined that the Public Administrator has been appointed and given full authority to administer the Kalstein Estate (see discussion infra), at this point, Winget Spadafora has not been retained by the Public Administrator and, indeed, the Public Administrator's Limited Oath and Designation was submitted by another firm of attorneys – Mahon, Mahon, Kerins & O'Brien, LLC. (See ECF No. 52).

[8] Citations to "Pl.'s Reply" refer to plaintiff's reply letter in further support of its motion for substitution, filed August 26, 2024 (ECF No. 51).

Kalstein Estate administration proceedings in Surrogate's Court)).  The Public Administrator, having now received Limited Letters of Administration, might be a proper party under Rule 25, but that depends on the scope of the authority authorized by the Surrogate's Court.

The Surrogate's Court Decree grants Limited Letters of Administration, and includes the following language defining the scope of the Public Administrator's authority:

> To receive service of process ~~and/or appear as a nominal defendant~~ on behalf of the Estate of Kenneth Roy Kalstein, for the Federal Court action to be brought and/or now pending by Petitioner in the United States Eastern District of New York, Civil Action Case 2:20-cv-05062-EK-AYS regarding all claims set forth in said action against the decedent.

(Pl.'s Mot., Ex. A).  The phrase "and/or appear as a nominal defendant" was struck and initialed by the Honorable Margaret C. Reilly, the Surrogate who issued the Decree.  (Id.)

The fact that this phrase was struck appears to be significant.  The parties have not presented any authority, nor has the Court's own research revealed any cases, where an administrator with only the authority to receive service of process was deemed a proper party under Rule 25.  Courts have granted motions for substitution when the Surrogate's Court issued Limited Letters of Administration, but in each instance, it appears that the authority to defend cases was explicitly included in the limiting language.  See, e.g., Lazala v. Mega Food Store Inc., No. 21 CV 9412, 2022 WL 2813489, at *1 (S.D.N.Y. July 19, 2022) (granting substitution motion where administrator's powers "with respect to a cause of action are limited to the power to prosecute and confer no power to compromise the action, collect any settlement or enforce any judgment until further order of this court, or the order of any court of competent jurisdiction"); Galeas v. Houslanger & Assocs, PLLC, No. 19 CV 4270, 2021 WL 2843214, at *5 n.5 (E.D.N.Y. June 21, 2021) (granting motion where "the state decree restricts [Administrator] from 'compromising any cause of action' without the authorization of the Surrogate, [. . . which]

suggests that the state court was cognizant that the administrator of the Estate might pursue a cause of action on the decedent's behalf"); Bank of America, N.A. v. Puig, 2020 WL 13540961, at *3 (granting motion where decree limited Public Administrator's authority "to the defense of any claim or actions arising from the cause of action alleged in the petition against decedent or his estate . . ."); Spagnuolo v. Suffolk Cnty., No. 12 CV 4327, 2017 WL 4326510, at *6 (E.D.N.Y. Sept. 28, 2017), aff'd sub nom. Spagnuolo v. Howell, 814 F. App'x 614 (2d Cir. 2020) (granting motion where Public Administrator was appointed temporary administrator of decedent's estate "for the sole purpose of being served and substituted as a defendant in the federal action . . . pending the appointment of a permanent fiduciary, so that proceedings in such action may continue").

In plaintiff's status report dated September 13, 2024, plaintiff's counsel represents that he spoke with Richard T. Kerins, Esq., an attorney with the Nassau County Public Administrator. (ECF No. 53). According to Mr. Kerins, "'it has been the standard practice to limit the extent of the Administrator's appointment,'" and he "does not contest the substitution of the [Nassau County Public Administrator] and/or the Estate in this action and would accept service once the substitution is made." (Id.) Based on this representation, the Court grants plaintiff's amended request to substitute the "Nassau County Public Administrator, as the Administrator of the Estate of Kenneth R. Kalstein," subject to the submission of a Declaration from Mr. Kerins or another authorized representative of the Public Administrator indicating that there is no objection to the substitution.[9]

---

[9] The Court is aware that the 90-day period, which ran from the filing of the Suggestion of Death on June 13, 2024, has expired. However, should a party to this case seek additional time to file a suitable motion for substitution, the Court is "authorized to extend the time in which to file a motion for substitution before or after the expiration of the ninety-day period pursuant to [Rule 6(b)]." Kernisant v. City of New York, 225 F.R.D. 422, 427 (Jan. 19, 2005).

CONCLUSION

For the reasons set forth above, plaintiff's original motion to substitute the "Estate of Kenneth R. Kalstein" is denied. Plaintiff's amended request to substitute the "Nassau County Public Administrator, as the Administrator of the Estate of Kenneth R. Kalstein" is granted, subject to the submission of a Declaration from an authorized representative of the Public Administrator indicating that there is no objection to the substitution.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
December 2, 2024

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York